UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| IN RE: ORDER CERTIFYING CASES TO DISTRICT COURT FOR FINDING OF CRIMINAL CONTEMPT, BY TANYA PETAWAY, OF PRIOR BANKRUPTCY COURT ORDERS | Case No. 1:12-mc-0028-TWP-TAB |

## APRIL 6, 2012 ENTRY

This miscellaneous matter comes before the Court for consideration of the Bankruptcy Court's Order Certifying Cases to District Court for Findings of Criminal Contempt of Prior Bankruptcy Court Orders ("Order") (Dkt. 1), which was issued on March 13, 2012. The proceedings, initiated upon the motion of the United States Trustee in this District, pursuant to 11 U.S.C. § 110, arise out of the conduct of Tanya Petaway ("Petaway"). The extensive factual backdrop of this case is found in the above-mentioned Order, which should be viewed in conjunction with this Entry, as the Court finds the Order to be thorough and well-reasoned.

At its core, this matter centers on Petaway's repeated and flagrant disregard of prior Bankruptcy Court orders to cease preparing bankruptcy petitions. Specifically, Petaway, a non-attorney, has been the subject of both a Contempt Injunction and a Permanent Injunction, enjoining her from, among other things, "acting as a Bankruptcy Petition Preparer" and "assisting any other person or entity in the preparation of any document or pleading for filing[.]" Nonetheless, despite being on clear notice of these injunctions, Petaway has continued acting as bankruptcy petition preparer in at least seven cases; in these cases, the petitions she has prepared contain false statements which "appear designed for only one purpose – to conceal the fact that

Petaway prepared these documents." These seven cases are: (1) *In re Bertha Harris*, 11-14365-JKC-7A; (2) *In re Karolyn D. Robinson*, 11-10817-FJO-7; (3) *In re Teresa Ann Patterson*, 11-13625-JKC-7; (4) *In re Saressa Owens*, 11-09518-JKC-7A; (5) *In re Amanda Bible*, 11-12279-FJO-7A; (6) *In re Antoinette Renee Brooks*, 11-10826-AJM-7; and (7) *In re Tiffanie Scott-Cook*, 11-10858-AJM-7. Moreover, in one instance, Petaway did not act as a Bankruptcy Petition Preparer because she was not paid for her services, but she still violated the injunctions by preparing documents for filing in the Bankruptcy Court. *See In re Terri A. Wells*, 11-13113-JKC-7A. In sum, as the Bankruptcy Court noted in its Order, "Petaway's action . . . are in contempt of the Contempt Injunction, the Permanent Injunction, or both."

From there, the Bankruptcy Court noted that there are two types of contempt: civil and criminal. Given the severity and pervasiveness of Petaway's misconduct, the Bankruptcy Court found that "harsher sanctions accordant with criminal contempt are appropriate," as civil sanctions "are likely to be ineffective." However, the Seventh Circuit's position on whether bankruptcy courts have criminal contempt powers is "unsettled." *Cox v. Zale Del., Inc.*, 239 F.3d 910, 916 (7th Cir. 2001). As a result of the Bankruptcy Court's possible limitations on contempt powers, it certified Petaway's cases to this Court for possible prosecution, stating that "[e]ach of the Certified Cases warrants review by the District Court to determine whether grounds exist for the prosecution of . . . Petaway for criminal contempt of the Contempt Injunction and the Permanent Injunction pursuant to 18 U.S.C. § 401."

With respect to criminal contempt, federal law, specifically 18 U.S.C. § 401, confers upon a court the authority to punish by imprisonment "[d]isobedience or resistance to its lawful

writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). Conduct that violates § 401 is a crime, and, generally, "contemnors are convicted through normal criminal process." *F.T.C. v. Trudeau*, 606 F.3d 382, 385 (7th Cir. 2010). Specifically, Federal Rule of Criminal Procedure 42(a) outlines the ordinary procedures necessary for a finding of criminal contempt, providing as follows:

> (a) **Disposition After Notice**. Any person who commits criminal contempt may be punished for that contempt after prosecution on notice.
> > (1) **Notice**. The court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must:
> > > (A) state the time and place of the trial;
> > > (B) allow the defendant a reasonable time to prepare a defense; and
> > > (C) state the essential facts constituting the charged criminal contempt and describe it as such.
> > (2) **Appointing a Prosecutor**. The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt.
> > (3) **Trial and Disposition**. A person being prosecuted for criminal contempt is entitled to a jury trial in any case in which federal law so provides and must be released or detained as Rule 46 provides. If the criminal contempt involves disrespect toward or criticism of a judge, that judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents. Upon a finding or verdict of guilty, the court must impose the punishment.

In *In re Contempt Proceedings for Bess*, 2011 WL 4916437 (E.D. Wis. Oct. 17, 2011), the District Court for the Eastern District of Wisconsin dealt with very similar circumstances in consideration of the bankruptcy courts certificate of criminal contempt, writing as follows:

3

> Given the nature of the criminal contempt at issue, this Court concludes Gomez Bess and Fromstein must be afforded the protections of Rule 42 of the Federal Rules of Criminal Procedure and the additional constitutional protections—substantive and procedural—that are afforded to criminal defendants. . . . Therefore, based on those highly significant considerations, the Court refers this matter to the United States Attorney for the Eastern District of Wisconsin for consideration of whether to pursue criminal contempt charges under 18 U.S.C. § 401 against Gomez Bess and Fromstein based on their conduct in the seven bankruptcy actions[.]

*Id*. at *2. This Court will follow the same approach.

Accordingly, this matter is REFERRED TO THE UNITED STATES ATTORNEY for the Southern District of Indiana, for consideration of whether to prosecute Petaway for criminal contempt of court under 18 U.S.C. § 401 based on her repeated violations of the Bankruptcy Court orders. Further, the Court requests that the United States provide notice as to whether they intend to pursue prosecution, within 30 days of the date of this Entry.

SO ORDERED.

Date: 04/06/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Joe Howard Vaughn
United States Attorney's Office
10 West Market Street
Suite 2100
Indianapolis, IN 46204